**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 25-14427-CV-MIDDLEBROOKS

SYED AMMAR AHMED,

     Plaintiff,

v.

DISTRICT BOARD OF TRUSTEES
FOR INDIAN RIVER STATE COLLEGE,
FLORIDA et al.

     Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

THIS CAUSE comes before the Court upon Defendant The District Board of Trustees of Indian River State College's ("IRSC") Motion to Dismiss Plaintiff's First Amended Complaint (DE 24) and Defendant Dr. Timothy E. Moore's ("Moore") Motion to Dismiss (DE 25). Plaintiff filed Responses in Opposition (DE 26, DE 27). For the following reasons, the motions are denied.

## I. BACKGROUND

According to the First Amended Complaint ("FAC," DE 21), Plaintiff Syed Ammar Ahmed ("Ahmed") is a practicing Muslim of Pakistani descent who served as an adjunct instructor at IRSC from 2019 until his termination on March 1, 2024. IRSC informed Plaintiff that he was being terminated based on a purported "security alert" indicating that he appeared on an "FDLE Homeland Security database" for "terrorist threats." Plaintiff alleges that no such database exists and that the allegation was false. IRSC's Chief of Campus Safety directed Plaintiff to a 2020 article by Joe Kaufman accusing Plaintiff of being an "Islamist," "racist," and "socialist," and referencing

Facebook posts Plaintiff made as a minor between 2009 and 2013. Plaintiff alleges that IRSC relied on this article and anti-Muslim stereotypes in terminating him.

Plaintiff further alleges that internal IRSC emails obtained through a Florida Sunshine Act request show that by April 5, 2024, IRSC's Campus Safety office had "cleared" Plaintiff and concluded he posed no threat. According to the FAC, IRSC leadership drafted a reinstatement letter following this clearance but never sent it, and Plaintiff received no communication from IRSC for nearly five months. Plaintiff alleges that this failure to reinstate him was not inadvertent. Rather, he asserts that Defendant Moore, the Chancellor of the Florida College System, personally intervened to prevent his reinstatement, directing IRSC officials not to send the reinstatement letter and insisting that the termination remain in place despite the internal clearance. Plaintiff further alleges that contemporaneous emails show IRSC administrators understood Moore to be closely monitoring the matter and seeking updates regarding Plaintiff's status.

Plaintiff alleges that a member of the Florida Board of Education brought the 2020 Kaufman article to Moore's attention, encouraged Moore to act on the article, and thereby played a role in initiating and perpetuating the action taken against him. Plaintiff contends that Moore acted on this encouragement and maintained the termination even after IRSC's own safety personnel determined that Plaintiff posed no threat. Plaintiff was ultimately reinstated on August 28, 2024—within an hour of IRSC receiving Plaintiff's public records request seeking internal communications about his termination, the April 5 clearance, and the withheld reinstatement letter. Plaintiff filed his EEOC charge on February 20, 2025.

Plaintiff brings Title VII claims against IRSC (Counts I–II) and First Amendment retaliation and § 1985(3) conspiracy claims against Moore and a Doe Board Member (Counts III–IV). Defendant IRSC moves to dismiss the Title VII claims as untimely because the March 1, 2024

2

termination is a discrete act outside the 300-day limitations period and cannot be revived through a continuing violation theory. Defendant Moore moves to dismiss the claims on the grounds that: (1) Plaintiff fails to state a First Amendment retaliation claim; (2) Plaintiff fails to state a § 1985(3) conspiracy claim; (3) the intracorporate conspiracy doctrine bars the conspiracy claim; (4) Moore is entitled to qualified immunity; and (5) any official capacity claims are barred.

## II. <u>LEGAL STANDARD</u>

A Rule 12(b)(6) motion challenges the legal sufficiency of the allegations in a complaint. See Fed. R. Civ. P. 12(b)(6). In assessing legal sufficiency, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must … contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570).

## III. <u>DISCUSSION</u>

### A. <u>IRSC's Motion to Dismiss</u>

IRSC argues that Ahmed's Title VII claims are untimely because he filed his EEOC charge on February 20, 2025—356 days after his March 1, 2024 termination—placing the charge outside Title VII's 300-day filing period applicable in deferral states such as Florida. *See* 42 U.S.C. § 2000e-5(e)(1) (requiring a charge to be filed within 300 days of the "alleged unlawful employment practice"); *E.E.O.C. v. Joe's Stone Crab, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002). IRSC therefore contends that the termination is a discrete act under *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002), which held that discrete acts such as termination, failure to promote, or refusal to hire are independently actionable only if they occur within the limitations period. IRSC further argues that Ahmed cannot rely on the continuing violation

3

doctrine, which permits recovery for conduct outside the limitations period only when the plaintiff alleges an ongoing pattern of discriminatory acts rather than the lingering effects of a past decision. *See Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446, 448 (11th Cir. 1993).

At this stage, however, I cannot accept IRSC's framing. Whether a plaintiff has alleged a continuing violation is a fact-intensive inquiry that is generally not suitable for resolution on a motion to dismiss. *See Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446, 448 (11th Cir. 1993). Ahmed alleges that IRSC's Campus Safety office formally "cleared" him on April 5, 2024, which was well within 300 days of his EEOC filing. Yet, IRSC drafted but withheld a reinstatement letter, maintained his terminated status for nearly five months, and reinstated him only on August 28, 2024, within an hour of receiving his public records request. These allegations, taken as true, plausibly describe not merely the lingering effects of a past decision but a continuing course of discriminatory conduct, including new decisions made after the initial termination that allegedly perpetuated the discrimination. The Eleventh Circuit has recognized that where an employer continues to enforce a discriminatory decision, the violation may extend into the limitations period. *See Knight v. Columbus, Ga.*, 19 F.3d 579, 582 (11th Cir. 1994). Because Ahmed alleges discriminatory acts occurring well within 300 days of his EEOC charge, he has plausibly stated a continuing violation, and dismissal on timeliness grounds is inappropriate at this stage.

B. Moore's Motion to Dismiss

I first address Moore's argument that Ahmed's § 1983 and § 1985(3) claims are barred to the extent they are asserted against him in his official capacity. In response, Ahmed clarifies that he does not assert any official capacity claims against Moore and seeks relief only against Moore in his individual capacity. (DE 27 at 4).

To state a First Amendment retaliation claim, a public employee must allege: (1) that he engaged in constitutionally protected speech or association; (2) that he suffered an adverse employment action; and (3) that his protected activity was a substantial or motivating factor in that action. *See Battle v. Bd. of Regents for Ga.,* 468 F.3d 755, 759–60 (11th Cir. 2006).

Applying these elements here, Plaintiff alleges that the adverse actions taken against him—including his termination and IRSC's months-long refusal to reinstate him—were motivated by his Muslim religious identity and his perceived political associations, all of which constitute protected association.[1] He further alleges an adverse employment action in the form of his termination and IRSC's continued maintenance of that termination even after its own campus safety office formally "cleared" him on April 5, 2024. Finally, Plaintiff plausibly alleges causation by asserting that Moore insisted on keeping him terminated after receiving an inflammatory article referencing Plaintiff's Muslim identity, directed IRSC officials not to reinstate him despite the internal clearance, and acted on discriminatory assumptions tied to Plaintiff's religion and perceived political views. These allegations, taken as true, are sufficient at the pleading stage to state a First Amendment retaliation claim.

---

[1] Part of Ahmed's First Amendment claim involves alleged protected speech, but for purposes of this motion, it is only necessary to address the alleged protected association.

5

To state a claim under § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving him of equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) resulting injury. *See Childree v. UAP/GA AG Chem., Inc.*, 92 F.3d 1140, 1146–47 (11th Cir. 1996).

Applying these elements here, Plaintiff alleges that Moore and a member of the Florida Board of Education acted jointly to initiate and maintain his termination, including by circulating and relying on an inflammatory article accusing him of being an "Islamist" and urging IRSC to treat him as a security threat despite the absence of any factual basis. Plaintiff further alleges that this coordinated conduct was motivated by discriminatory animus toward Muslims and persons of Pakistani national origin, and that the conspirators took overt acts—such as directing IRSC officials not to reinstate him and withholding a reinstatement letter—to further the discriminatory objective. These allegations, taken as true, plausibly plead a conspiracy, overt acts, and resulting injury.

Next, I address Moore's argument that the section 1985(3) claim is barred by the intracorporate conspiracy doctrine, which provides that a single legal entity cannot conspire with itself and that employees acting within the scope of their employment are considered part of that single entity. *See Dickerson v. Alachua Cnty. Comm'n*, 200 F.3d 761, 767 (11th Cir. 2000). The doctrine applies when all alleged conspirators are employees of the same entity and all alleged acts occurred within the scope of their employment. *Id.* It is grounded in the principle that a conspiracy requires "two or more persons," and an entity acting through its agents is legally one person. *Id.*

Courts recognize an exception, however, where conspirators are employees of different governmental entities. *Id.* at 768. Here, Ahmed alleges that Moore conspired with a member of the Florida Board of Education, a legally distinct entity created by statute with its own membership

6

and authority. *See* Fla. Stat. § 1001.01(1). IRSC's District Board of Trustees is likewise a separate corporate body. *See* Fla. Stat. § 1001.61. Thus, the alleged conspirators are not part of the same legal entity, and the doctrine does not apply.

Lastly, Moore asserts qualified immunity. Qualified immunity protects officials unless the plaintiff alleges a violation of a clearly established constitutional right. *See Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009). At this stage, however, further factual development is necessary to resolve the qualified immunity issue. *See Riley v. Wainwright*, 810 F.2d 1006, 1007 (11th Cir. 1986). Moreover, neither Party provides any caselaw that addresses whether Moore was put on notice that his action against Ahmed violated clearly established First Amendment law. It is axiomatic that government officials cannot target individuals based on their religion or perceived associations. *See, e.g., Church of the Lukumi Babalu Aye v. City of Hialeah*, 508 U.S. 520, 533–35 (1993) (government may not single out a particular religion for adverse treatment); *Larson v. Valente*, 456 U.S. 228, 244 (1982) ("the clearest command" of the First Amendment is that government may not prefer or disfavor particular religions). And a broad principle with obvious clarity may put a defendant notice. *See Bailey v. Wheeler*, 843 F.3d 473, 484 (11th Cir. 2016). In any event, at this stage, I must accept Plaintiff's allegations as true, and those allegations do not describe a reasonable or good-faith security assessment but rather retaliation based on protected characteristics and associations. Qualified immunity cannot be resolved on the pleadings, and Moore's motion to dismiss Count III is denied.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1) Defendant IRSC'S Motion to Dismiss Plaintiff's First Amended Complaint (DE 24) is

   **DENIED**.

2) Defendant Moore's Motion to Dismiss (DE 25) is **DENIED.**

**SIGNED** in Chambers at West Palm Beach, Florida, this ⁄⁄ day of June, 2026.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record