**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 25-14427-CV-MIDDLEBROOKS

SYED AMMAR AHMED,

     Plaintiff,

v.

DISTRICT BOARD OF TRUSTEES
FOR INDIAN RIVER STATE COLLEGE,
FLORIDA et al.

     Defendants.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER

THIS CAUSE comes before the Court on Defendant Dr. Timothy E. Moore's Motion for Protective Order (DE 33). Plaintiff filed a Response. (DE 35). For the following reasons, the motion is denied.

Plaintiff noticed Defendant Moore's deposition for July 8, 2026, originally listing a Port St. Lucie location which Plaintiff believed was Defendant's counsel's office. Plaintiff stated that an updated notice would be issued if that location was unavailable. After learning the Port St. Lucie conference room required a $495 fee and was not owned by defense counsel, Plaintiff secured a Fort Lauderdale location and served an updated notice on July 6, 2026.

Defendant objects to the Fort Lauderdale location, arguing it is nearly 100 miles away, was changed less than two days before the deposition, and imposes undue burden. Plaintiff responds that Fort Lauderdale is within 100 miles of both Defendant Moore's workplace and residence, that Rule 45 permits compelling a party or party's officer to attend a deposition anywhere within the state, and that Defendant has shown no specific prejudice or harm.

Under Rule 26(c), the moving party bears the burden of showing good cause for a protective order.  Rule 30 permits depositions by notice, and Rule 45(c)(1)(B)(i) allows compelling a party or a party's officer to attend a deposition within the state where the person resides or works.

Defendant has not demonstrated good cause. The record reflects that Plaintiff repeatedly sought deposition dates beginning June 11 and Defendant did not provide availability until June 24. Next, on June 26, Plaintiff informed Defendant that Fort Lauderdale would be used if the Port St. Lucie office was unavailable. Defendant did not object to a Fort Lauderdale location until July 6. Moreover, the noticed location is within 100 miles of Defendant Moore's workplace and residence and Defendant identifies no financial hardship, medical limitation, or other specific burden beyond travel inconvenience.

While there may be a preference for depositions to occur near a defendant's residence, that preference carries less weight when all parties reside within the same district and the location is permissible under Rule 45. Defendant's showing of "several hours in traffic" does not constitute good cause under Rule 26(c).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1)  Defendant Moore's Motion for Protective Order (DE 33) is **DENIED.**

2)   Defendant Moore shall appear for his duly noticed deposition on **July 8, 2026, at 10:00 a.m. ET** at the location stated in Plaintiff's July 6, 2026 Notice of Deposition.

3

3) The parties are reminded of their obligation to cooperate in discovery and to avoid unnecessary motion practice.

**SIGNED** in Chambers at West Palm Beach, Florida, this 7th day of July, 2026.

Donald M. Middlebrooks
United States District Judge

Copies to: Counsel of Record